1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JERRY SNEAD,                                    )
                                                )
                              Plaintiff,         )        Case No. 2:11-cv-945-GMN-CWH
                                                )
vs.                                             )        **REPORT AND**
                                                )        **RECOMMENDATIONS AND**
                                                )        **ORDER**
                                                )
STATE OF NEVADA,                                )
                                                )        Application to Proceed *In Forma*
                              Defendant.         )        *Pauperis* (#1) and Screening of
                                                )        Complaint
_____         )

        This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis*

(#1), filed on June 10, 2011.

## BACKGROUND

        Plaintiff's complaint contains no factual allegations.  Rather, Plaintiff asserts that he is

filing an appeal from the decision.  Plaintiff's complaint includes a Notice of Dismissal from the

from the Board of Review for the State of Nevada Department of Employment, Training and

Rehabilitation, Employment Security Division.  Presumably, Plaintiff appeals this dismissal.  It

appears that Plaintiff wrote "fraud" on the copy of the Notice of Dismissal, but does not detail

what fraudulent actions were taken by the Board.

## DISCUSSION

I.      **Application to Proceed In Forma Pauperis**

        Plaintiff filed this instant action and attached a financial affidavit to his application and

complaint as required by 28 U.S.C. § 1915(a).  Reviewing Snead's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A.     Appeal from Decision of the Board of Review for the State of Nevada Department of Employment, Training and Rehabilitation**

Plaintiff summarily states that he is appealing the decision and includes a copy of the Notice of Dismissal.  Nevada law provides the statutory requirements that are a precondition to jurisdiction for such a review. *See Kame v. Emp. Sec. Dept.*, 105 Nev. 22, 25 (1989) (citing *Teepe v. Review Bd. of Indiana Emp. Sec. Div.* 136 Ind. App. 331, 200 (1964)).  "Within 11 days after the decision of the Board of Review has become final, any party aggrieved . . . may secure judicial review thereof by commencing an action in the district court of the county where the

employment which is the basis of the claim was performed for the review of the decision . . . ." N.R.S. 612.530(1).

Though timely filed, Plaintiff's appeal would properly be before the District Court for the State of Nevada in the County in which the work was performed and not the United States District Court.  As such, this Court does not have jurisdiction to hear Plaintiff's appeal and Plaintiff cannot cure this deficiency by amending his complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with prejudice** because Plaintiff failed to invoke this Court's jurisdiction.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's

order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d
1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.
1983).

DATED this 6th day of January, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge